# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **HAILEY RAY, ET AL.** | **CASE NO. 3:19-CV-00722** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **VOITH PAPER FABRIC & ROLL SYSTEMS, INC.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On July 3, 2019, plaintiffs' counsel filed a motion to withdraw from the above-captioned matter. [doc. # 10]. On July 8, 2019, the court granted the motion and ordered plaintiffs, within 30 days, either to enroll new counsel, or to notify the court, in writing, that they intended to proceed pro se. [doc. # 11]. The foregoing deadline has lapsed, with no response from plaintiffs.[1]

Accordingly, on August 20, 2019, the court ordered plaintiffs to show cause on or before August 27, 2019, why their complaint should not be DISMISSED for failure to comply with an order of this court. (Aug. 20, 2019, Show Cause Order [doc. #15]). The court cautioned plaintiffs that their continued failure to respond to court orders would serve as their tacit acknowledgement that they no longer wished to pursue this matter. *Id*.

The latest deadline has passed, without any further submission or response from plaintiffs.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

---

[1] Meanwhile, on July 10, 2019, defendant Voith Paper Fabric & Roll Systems, Inc. filed a Rule 12(b)(6) motion to dismiss [doc. # 12] to which plaintiffs have failed to respond. Consequently, the motion is unopposed. *See* Notice of Motion Setting [doc. # 13].

claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

Upon consideration, the court finds that this matter is subject to dismissal for failure to prosecute/heed orders of the court. Fed.R.Civ.P. 41(b). The court also finds that the requirements for dismissal with prejudice are satisfied in this case. Plaintiffs have ignored two court orders and are not actively pursuing the case.[2] Thus, no lesser sanction better serves the interest of justice. In

---

[2] If the plaintiffs dispute this inference, they may so demonstrate in their objection to this report and recommendation.

addition, plaintiffs' failure to respond to court orders reflects their own "stubborn resistance to authority"[3] that is personally attributable to them as litigants unrepresented by counsel.[4]

For the foregoing reasons,

IT IS RECOMMENDED that the instant suit be DISMISSED, with prejudice. Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 4th day of September 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Millan, supra.*

[4] While the court is aware that plaintiff are not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))